UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jesse Allen Arivett,

        Plaintiff,                      Case No. 5:23-cv-11335

v.

                                          Hon. Judith E. Levy

(FNU) Childress, et al.,             United States District Judge

        Defendants.                Mag. Judge David R. Grand

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Before the Court is Plaintiff Jesse Allen Arivett's *pro se* civil rights complaint filed under 42 U.S.C. § 1983. (ECF No. 1.) Arivett, a state prisoner currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, is proceeding without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a)(1). (ECF No. 5.) Arivett is suing twenty-three Michigan Department of Corrections ("MDOC") staff members because he tripped and fell due to an unsecured floor drain, and now walks with a cane due to his injury. (ECF No. 1, PageID.9, 18–21.) He seeks monetary damages. (*Id.* at PageID.8.)

As set forth below, Plaintiff's allegations do not state a claim upon which relief may be granted, and the complaint will be dismissed.

## I. Background

Around January 30, 2023, Plaintiff tripped and fell over an unsecured floor drain while he was "walking through the level one chow line" at the Cotton Correctional Facility. (*Id.* at PageID.16.) "The cover [of the flood drain] slipped off and [he] twisted [his] ankle in it." (*Id.* at PageID.17.) "Upon inspection, the drain was not secured with any screws." (*Id.*) The fall caused a "severely" sprained ankle. (*Id.* at PageID.16.) Plaintiff was on crutches for two and a half months and now requires a cane to walk. (*Id.* at PageID.9.) As of April 29, 2023, the drain cover remained unsecured. (*Id.* at PageID.16.)

Plaintiff describes the incident as a "slip & fall resulting in injury due to staff negligence." (*Id.* at PageID.10.) Plaintiff notes that he has the "names of RN's, Food Service Workers, Correction[s] Officers, and Administration Workers that are well aware of his problem." (*Id.* at PageID.16.)

Plaintiff identifies twenty-three Defendants who are, as noted above, food service workers or food service directors; corrections officers and a captain; and nurses, both RNs and LPNs. (*Id.* at PageID.18–21.)

He also named several individuals who handled Plaintiff's grievances and the Internal Affairs division of MDOC. (*Id.*)

Plaintiff claims that the staff were negligent, but does not attribute any specific misconduct, unconstitutional or otherwise, to any particular defendant. He seeks monetary damages but does not name a value; he states that the amount of money damages will be determined "upon assessment of legal professional." (*Id.* at PageID.8.)

## II. Legal Standard

The Court permitted Plaintiff to proceed without prepayment of fees. (ECF No. 5.) *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth*, 114 F. 3d 601, 604 (6th Cir. 1997). However, the Court is now required to screen Plaintiff's complaint and to dismiss it if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

When evaluating a complaint under that standard, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Courts screening cases will accord slightly more deference to *pro se* complaints than to those drafted by lawyers. "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).

A complaint is legally frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The plaintiff must allege that "the defendants were personally involved in the alleged deprivation

4

of federal rights." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)).

### III. Analysis

The allegations in Plaintiff's complaint are insufficient to state a claim entitling him to relief. Plaintiff alleges that Defendants violated his Eighth Amendment rights. (ECF No. 1, PageID.4.) The Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). Under the Eighth Amendment, prison officials have a duty to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). "However, a constitutional violation occurs only where the deprivation alleged is, objectively, 'sufficiently serious,' and the official has acted with 'deliberate indifference' to inmate health or safety." *Id.* at 825–26 (quoting *Wilson v. Seiter*, 501 U.S. 294, 295, 298 (1991)). "Deliberate indifference is a higher standard than negligence." *Lamb v. Howe*, 677 F.

5

App'x 204, 208 (6th Cir. 2017). It requires a showing that "(1) 'the official being sued subjectively perceived facts from which to infer a substantial risk to the prisoner,' (2) the official 'did in fact draw the inference,' and (3) the official 'then disregarded that risk." *Richko v. Wayne County*, 819 F.3d 907, 915 (6th Cir. 2016). The Sixth Circuit has held that "[m]ere negligence is not sufficient to violate the Eighth Amendment[.]" *Lamb*, 677 F. App'x at 208 (citing *Farmer*, 511 U.S. at 835). "[F]ederal courts have nearly unanimously held that a 'slip and fall, without more, does not amount to cruel and unusual punishment.'" *Id.* (collecting cases).

Plaintiff did not allege that Defendants were aware of the risk presented by the unsecured floor drain before his accident. Instead, he states that after his accident, "[u]pon inspection, the drain was not secured with any screws." (ECF No. 1, PageID.17.) He also alleges that he has the names of numerous MDOC staff who are aware that the floor drain was not fixed after his injury. (*Id.* at PageID.16.) But this does not establish Defendants were aware of the problem before Plaintiff's accident and were deliberately indifferent to a severe risk, as would be necessary for a constitutional violation.

6

Further, Plaintiff expressly characterizes his injury to be the result of "staff negligence." This is insufficient to establish a constitutional claim under § 1983. *Lamb*, 77 F. App'x at 208.; *accord Cheatham v. Doe*, No. 2:22-CV-12527, 2022 WL 17416678, at *3 (E.D. Mich. Dec. 5, 2022) (holding that plaintiff, who alleged that a maintenance supervisor's failure to correct an uneven floor surface, failed to state an Eighth Amendment claim because he alleged negligence, not intentional disregard); *Chamberlain v. Nielsen*, No. 2:10-CV-10676, 2010 WL 1002666, at *2 (E.D. Mich. Mar. 18, 2010) (holding a ripped shower mat did "not pose a substantial or excessive risk of harm" and that corrections officers previously informed of the hazard were at most negligent).

### IV. Conclusion

For the reasons set forth above, Plaintiff fails to state a claim against Defendants upon which relief may be granted. Accordingly, the complaint is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

In addition, the Court concludes an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Diaz v. Van Norman*, 351 F. Supp. 2d 679, 682 (E.D. Mich. 2005) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)).

**IT IS SO ORDERED.**

Dated: December 15, 2023       s/Judith E. Levy
       Ann Arbor, Michigan      JUDITH E. LEVY
                                        United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 15, 2023.

                                          s/William Barkholz
                                          WILLIAM BARKHOLZ
                                          Case Manager